[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes to this court on a revised complaint dated October 23, 1992 and an answer of October 26, 1992. It was a court trial. Both parties briefed the law and the facts. The court finds the following facts to have been proven.
1. The City of Stamford is a municipal corporation existing under the laws of the State of Connecticut. The Environmental Protection Board regulates Inland Wetlands pursuant to §§ 22a-36 through 22a-45 of the Connecticut General Statutes and has regulations which enforce said statutes. CT Page 8305
2. The defendant, Milivoje Kovac, is the agent/brother of the owner of the premises Ljubeca Radulovic, known as Lot B, High Ridge Road consisting of 1.42 acres. She is the owner by virtue of a Deed dated June 29, 1989 recorded in Volume 3448 at page 145 of the Stamford Land Records. Said premises are opposite Diamond Crest Road.
3. The defendants have violated the Inland Wetlands and Watercourses Act, § 25a-36 et seq., and the Regulations of the Environmental Protection Board which enforce said statutes as follows:
a. In June, 1990, unauthorized excavating activities took place in a wetland and swampy area and drainage improvements were done to said lot;
b. the defendants either installed or allowed to be installed 200 linear feet of PVC drainage pipe in order to drain a red maple swamp in the center of the lot;
c. the defendants either destroyed or allowed to be destroyed and disturbed wetland, flood plain areas and indigenous shrub plantings.
4. Despite many letters and two hearings afforded defendants by the Environmental Protection Board, and a Cease and Desist Order, the defendants have refused to comply with the Cease and Desist Order.
5. The defendants are in violation of the Inland Wetlands and Watercourses Act and the Regulations of the EPB enforcing the same, since the following regulated activities have been performed without the prior written authorization of EPB:
a. Removal of vegetation within a flood plain, wetlands, and buffer/setback;
b. excavation within a flood plain, wetlands and buffer/setback for access to the site and installation of drainage pipe.
c. installation of 200 Linear feet of drainage pipe within regulated areas.
6. The court finds Exhibit 1 shows the location of the CT Page 8306 premises and the approximate location of the PVC piping and disturbed area on the premises.
7. Plaintiff's Exhibit 2 shows the general area of the location of the premises in the flood plan.
8. Exhibit 3 shows further location of the premise in the flood plain.
9. Exhibit 4 is a June 18, 1990 report.
10. Exhibit 5 shows a letter sent to the property owner Ljubica Radulovic with a return receipt attached to the rear.
11. Exhibit 6 is a letter concerning a conversation with the property owner and the pipe violation being the six inch PVC pipe.
12. Exhibit 7 advises of the violations and the fact that there will be a hearing on August 16, 1990.
13. Exhibit 8 shows the results of that meeting of the Environmental Protection Board.
14. Exhibit 9 is a letter from Attorney Miller requesting a continuance of the hearing.
15. Exhibit 11 is reaffirmation of Exhibit 7 which was the Cease and Desist Order of August 7, 1990.
16. Exhibit 12 is notice of facts and conduct of the Environmental Board.
17. Photographs 10a, b, c, and d shows the existence of the pipe on the premises and the disturbed areas.
18. The plaintiffs presented David Emerson as their witness. He is the Executive Director of the Environmental Protection Board and had been on the matter since June of 1990. He was conversant with the case. He testified in chief concerning the facts found. The defendants put on no affirmative evidence in their case. The plaintiff's case rested after the witness, David Emerson, testified and his testimony was not contradicted by any evidence. CT Page 8307
19. The court finds all the foregoing to be true.
20. The court in rendering this decision has listened to the evidence, reviewed the exhibits and reviewed the briefs and claims for relief of the parties.
The court enters the following orders:
1. A Permanent Injunction requiring the defendant to remove said 200 linear feet of pipe and restore said lot to its natural condition.
2. A statutory penalty provided in § 22a-44 of the Connecticut General Statutes from October 17, 1990 to June 5, 1996, in the sum of $100.00 per day for 2,075 days for a total of $20,750.00.
3. Reasonable attorney's fees in the sum of $5,000.00.
4. The City of Stamford is allowed to enter on Lot B or to hire a contractor to enter upon Lot B in order to restore it to its original condition and to comply with various Cease and Desist Orders and to place a lien on the Land Records for the cost of said work.
So Ordered.
Dated at Stamford, Connecticut, this 30th day of October, 1996.
EDWARD R. KARAZIN, JUDGE